BRIAN T. DUNN, ESQ (SBN 176502)
JENNIFER A. BANDLOW, ESQ (SBN 265757)
**THE COCHRAN FIRM — LOS ANGELES**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone (323) 435-8205
Facsimile (323) 282-5280
Email:  jbandlow@cochranfirm.com

Attorneys for Plaintiff, JANE DOE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | CASE NO.:    5:15-CV-1955 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. Violations of Civil Rights [42 U.S.C. § 1983]** |
| COUNTY OF SAN BERNARDINO, ARMANDO ESPINOZA, and DOES 1 through 10, Inclusive, | **2. Violations of Civil Rights [42 U.S.C. § 1983]** |
| Defendants. | |
| | **Demand for Jury Trial** |

1.      This Complaint concerns the abuse of power by Defendant, Deputy ARMANDO ESPINOZA, and specifically, ESPINOZA'S policy and practice that required women in custody, including Plaintiff JANE DOE, to perform sexual favors for him.

## PARTIES

2.      At all relevant times mentioned herein, Plaintiff JANE DOE was a resident of the County of San Bernardino and the State of California.

3.      Plaintiff JANE DOE is informed and believes that at all times relevant herein, Defendant DEPUTY SHERIFF ARMANDO ESPINOZA ("DEPUTY ESPINOZA") was, and now is, employed by the County of San Bernardino in the position of Deputy Sheriff at the San Bernardino County Sheriff's Department and stationed at the West Valley Detention Center ("WVDC"). During all times mentioned herein, DEPUTY ESPINOZA was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the San Bernardino County Sheriff's Department, and was acting within the course and scope of his employment with the San Bernardino County Sheriff's Department.

4.      Plaintiff JANE DOE is informed and believes that at all times relevant herein, Defendant COUNTY OF SAN BERNARDINO was, and now is,

a municipal entity or political subdivision organized and existing under the laws of the State of California.

5.     Plaintiff JANE DOE is unaware of the true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants using fictitious names. Plaintiff JANE DOE will amend this complaint to allege the DOES' true names and capacities when that information becomes known.  Plaintiff JANE DOE is informed and believes and on that basis alleges that each of these fictitiously named Defendants are legally responsible in some manner for the actions and inactions alleged herein and that the injuries suffered by Plaintiff JANE DOE as alleged throughout this complaint were proximately caused by these actions and inactions.  Plaintiff JANE DOE further alleges, based upon information and belief, that each Defendant sued herein was acting as the agent or employee of each of the other Defendants, and in doing the acts alleged herein was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

6.     At all relevant times mentioned herein Defendant DOES 1 through 10, inclusive, were residents of San Bernardino County and/or business or corporate entities incorporated in and/or doing business in the State of California by virtue of the laws of the State of California.

7.     Each Defendant is the agent, servant and/or employee of the other Defendants and each Defendant was acting within the course and scope of his, her, or its authority as an agent, servant, and/or employee of the other Defendants. Defendants, and each of them, are individuals, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

8.     Each of the individual Defendants sued herein is sued both in their individual and personal capacity as well as in their official capacity.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     This Complaint concerns various incidents spanning over the time period beginning on or around June 6, 2015 through approximately July 19, 2015 at the West Valley Detention Center ("WVDC"), located at or around 9500 Etiwanda Avenue in Rancho Cucamonga, California, in or around the building located inside WVDC at the entrance/exit to WVDC ("Guard Shack").

10.     In or around May or June 2015, Plaintiff JANE DOE was sentenced to complete sixty (60) days of service at WVDC to take place on Saturdays and Sundays until the sixty days of service was complete.

11.     At all times referenced herein, while performing her service at WVDC, JANE DOE was within the custody, care, supervision, and control of the Counry and Defendant, DEPUTY ARMANDO ESPINOZA ("DEPUTY ESPINOZA") and other heretofore unknown Deputies of the San Bernardino County Sheriff's Department.

12.     At all times referenced herein, while performing her service at WVDC, JANE DOE was wearing a County-issued vest, indicating her status as a prisoner.  She was physically restrained to WVDC during the hours of approximately 7:00 A.M. to 10:50 A.M. and 12:00 P.M. – 2:50 P.M. and was prohibited from leaving the facility except during the designated lunch hour from approximately 11:00 A.M. to 12:00 p.m.

13.     Throughout the acts and omissions described herein, DEPUTY ESPINOZA was wearing his department issued uniform, with badge and identification plate plainly visible, was armed with his department issued firearm, and was in possession of a department issued police radio.

14.     JANE DOE was informed by guards, including DEPUTY ESPINOZA, that she was required to clean various areas of the facility, including the Guard Shack located at the entrance/exit of the WVDC.

15.     Plaintiff is informed and believes and thereupon alleges that for the duration of her time of service at WVDC, DEPUTY ESPINOZA was assigned

exclusively to the Guard Shack. Plaintiff is informed and believes and thereupon alleges that in order for any member of the public to enter or exit WVDC, they must pass by the Guard Shack.

16.     Plaintiff JANE DOE commenced her service at WVDC on Saturday, June 6, 2015. Plaintiff JANE DOE first recalls meeting DEPUTY ESPINOZA on the same day while she was cleaning the Guard Shack. At that time, DEPUTY ESPINOZA seemed nice and engaged in general conversation with JANE DOE and another female prisoner. However, Plaintiff understood that she was under the custody and control of DEPUTY ESPINOZA.

17.     On or around the next day, Sunday, June 7, 2015, JANE DOE reported to WVDC and, at some point went to the Guard Shack to clean it. That day, JANE DOE observed DEPUTY ESPINOZA and another prisoner discussing a sexual connotation of the term "truffle butter." JANE DOE also observed DEPUTY ESPINOZA look up the term on a computer, on the desk in the Guard Shack, that JANE DOE is informed and believes was County property.

18.     On or around, Sunday, June 7, 2015, DEPUTY ESPINOZA allowed JANE DOE to charge her cell phone in the Guard Shack while JANE DOE cleaned another part of WVDC. JANE DOE's phone did not require a security code for access. DEPUTY ESPINOZA stated "I will try not to look at your

pictures." Subsequently, when JANE DOE retrieved her phone, DEPUTY ESPINOZA stated, "you don't have a password on your phone."

19.     On or around June 7, 2015 or June 13, 2015, DEPUTY ESPINOZA told JANE DOE and another prisoner about his experiences at "swinger" clubs and with African-American women. DEPUTY ESPINOZA then showed JANE DOE, and another prisoner, photos of naked women on his phone, including a woman whom Plaintiff is informed and believes is employed by the County. Such photos included a naked woman using objects to perform sexual acts on herself.

20.     On or around Saturday, June 13, 2015, Plaintiff JANE DOE reported to WVDC at or around 7:00 A.M. As part of her duties, JANE DOE again reported to the Guard Shack to clean it. While performing her mandatory service, cleaning the Guard Shack, DEPUTY ESPINOZA, in full uniform and with a gun in his holster, requested JANE DOE'S phone number. Given DEPUTY ESPINOZA'S position of power over her, JANE DOE felt obligated to provide her phone number to him upon request.

21.     Additionally, on or around Saturday, June 13, 2015, during Plaintiff's mandated service at WVDC and in the Guard Shack, DEPUTY ESPINOZA showed JANE DOE videos of a woman orally copulating DEPUTY ESPINOZA while he was in his County issued uniform. Further, at some point, on or around Saturday, June 13, 2015, during Plaintiff's mandated service at

WVDC and in the Guard Shack, DEPUTY ESPINOZA also rested his elbow on Plaintiff JANE DOE'S breast. Although JANE DOE was uncomfortable with the aforementioned conduct by DEPUTY ESPINOZA, she was under the exclusive custody, care, supervision, and control of the County, DEPUTY ESPINOZA and heretofore unknown Deputies of the San Bernardino County Sheriff's Department, and was unable to simply leave the premises of WVDC. Further, JANE DOE felt that if she objected to such conduct, DEPUTY ESPINOZA may retaliate against her and, given DEPUTY ESPINOZA'S position of power and authority over JANE DOE, JANE DOE felt that her word would not be believed against his.

22.     On or around Sunday, June 14, 2015, during Plaintiff's mandated service at WVDC, Plaintiff, JANE DOE attempted to avoid the Guard Shack, but was told to clean it. Plaintiff complied with this order and cleaned the Guard Shack. DEPUTY ESPINOZA requested that Plaintiff come back later by herself.

23.     At some point on or around Saturday, June 13, 2015, or Sunday, June 14, 2015, DEPUTY ESPINOZA told Plaintiff that she should not tell anyone about their conversations. Again, Plaintiff, JANE DOE was intimidated by this remark and complied with what she believed was an order.

24.     Things got progressively worse for JANE DOE. On or around Saturday, June 20, 2015, during Plaintiff's mandated service at WVDC while

cleaning the bathroom of the Guard Shack, DEPUTY ESPINOZA stood in between the bathroom door and JANE DOE, and asked JANE DOE to expose her breasts to him, stating "I bet you have really nice boobs" and "don't worry, no one will know." JANE DOE was intimidated, scared, and trapped in the bathroom. JANE DOE viewed DEPUTY ESPINOZA as a threat and felt as though she was trapped and would be unable to leave unless and until she complied. Reluctantly, JANE DOE exposed her bare breasts to DEPUTY ESPINOZA who fondled them with his hands. A car came by the Guard Shack interrupting the momentum; however DEPUTY ESPINOZA commanded JANE DOE to keep her breasts exposed, ordering, "don't put them away yet." DEPUTY ESPINOZA attended to the car and then came back to JANE DOE and touched her bare breasts again. He then allowed her to leave, cautioning her, "don't say anything."

25.   JANE DOE was extremely embarrassed and scared by the aforementioned events that occurred while she was under the exclusive custody, care, supervision, and control of the County, DEPUTY ESPINOZA and other heretofore unknown Deputies of the San Bernardino County Sheriff's Department, and was unable to simply leave the premises of WVDC. JANE DOE became increasingly scared of going to WVDC and began to experience extreme depression and anxiety.

26.     On or around Saturday, June 27, 2015, during Plaintiff's mandated service at WVDC, Plaintiff again went to clean the Guard Shack. This time, DEPUTY ESPINOZA told JANE DOE that she made him really "aroused" and that he wanted to see her breasts again. Once again, JANE DOE was intimidated and scared. She viewed DEPUTY ESPINOZA as a threat and felt as though she was trapped and would be unable to leave unless and until she complied. Reluctantly, JANE DOE again exposed her bare breasts to DEPUTY ESPINOZA who put his mouth on her breasts this time while fondling them with his hands. After a few seconds, JANE DOE pulled her shirt back down, but DEPUTY ESPINOZA was not finished. "Let me see them one more time and then you can go," DEPUTY ESPINOZA commanded. Shamed and humiliated, JANE DOE complied. This time DEPUTY ESPINOZA licked JANE DOE'S breast. When he was finished, DEPUTY ESPINOZA allowed JANE DOE to leave the Guard Shack once again cautioning her, "don't say anything."

27.     On or around the next day, Sunday, June 28, 2015, during Plaintiff's mandated service at WVDC, she tried to avoid the Guard Shack. However, DEPUTY ESPINOZA told JANE DOE to come to the Guard Shack to clean it. Again, JANE DOE believed that she could not simply ignore a direct order from DEPUTY ESPINOZA while she was under his care, custody and control. Thus, JANE DOE and another prisoner went to the Guard Shack. Again, DEPUTY

ESPINOZA began speaking with JANE DOE and the other prisoner about his personal sexual encounters with various women, and also showed them a photo of his naked penis.

28.    JANE DOE was terrified to report the aforementioned incidents, fearing retaliation; however, she was becoming increasingly anxious and fearful of going back to WVDC. Hoping to de-escalate the abuse she was suffering, JANE DOE requested to come to WVDC on Sundays only rather than on weekends, claiming that she had to work on Saturdays. Her request was granted, but unfortunately, DEPUTY ESPINOZA'S abuse did not slow down.

29.    On or around Sunday, July 5, 2015, JANE DOE reported to WVDC and to the Guard Shack. DEPUTY ESPINOZA told JANE DOE to send him a picture of her breasts. Again, believing she could not disobey DEPUTY ESPINOZA, JANE DOE sent a text to DEPUTY ESPINOZA with a picture of her breasts covered by a shirt and partial jacket. DEPUTY ESPINOZA subsequently sent text messages to JANE DOE with pictures of his naked penis, one of which, Plaintiff is informed and believes, was taken in the Guard Shack while DEPUTY ESPINOZA was on duty.

30.    Additionally, on or around Sunday, July 5, 2015, DEPUTY ESPINOZA became even more bold, again telling JANE DOE to show him her breasts. However, this time, after JANE DOE exposed her breasts, DEPUTY

ESPINOZA stated that he was "aroused" and that JANE DOE needed to "take care of this" before she left and exposed his naked erect penis. JANE DOE was humiliated and ashamed but felt that she had to comply so she moved her hand back and forth on DEPUTY ESPINOZA'S penis. After a few seconds, JANE DOE pulled her hand away and DEPUTY ESPINOZA stated essentially, "that's not enough" and "you know how aroused I am" and "take care of this so you can leave" insinuating that he wanted JANE DOE to perform oral sex on him. Again, JANE DOE was humiliated and ashamed but felt that she had to comply so she put her mouth on DEPUTY ESPINOZA'S penis and performed oral sex on him while another prisoner recorded the incident using the video function of JANE DOE'S phone. After JANE DOE finished performing oral sex on DEPUTY ESPINOZA, DEPUTY ESPINOZA allowed her to leave.

31.    JANE DOE became increasingly anxious and fearful. She was unable to concentrate and consistently fearful of reporting back to WVDC; however, once again, she felt that she had no choice in the matter.

32.    On or around July 12, 2015, during Plaintiff's mandated service at WVDC, she tried to avoid the Guard Shack. However, she was unable to avoid it when driving in and out of the facility, thus, DEPUTY ESPINOZA approached JANE DOE and told her to come to the Guard Shack. Once JANE DOE reported to the Guard Shack, DEPUTY ESPINOZA told her to go into the restroom and he

followed her in. DEPUTY ESPINOZA then told JANE DOE how much he liked her mouth on his penis and told her to do it again. JANE DOE was in custody and could not leave. Again, she felt obligated to comply with DEPUTY ESPINOZA'S orders and thus, she again put her mouth on DEPUTY ESPINOZA'S penis. This time, DEPUTY ESPINOZA took pictures of these acts and later texted them to JANE DOE. Again, once she was done performing oral sex, JANE DOE was allowed to leave the Guard Shack. On her way out, DEPUTY ESPINOZA slapped JANE DOE on the buttocks. JANE DOE is informed and believes that another agent/employee of WVDC witnessed this but failed to stop the abuse.

33.    JANE DOE'S fear and anxiety were now out of control. She was ashamed and fearful and desperately wanted to stop reporting back to WVDC but, again, felt that she had no choice in the matter.

34.    The next weekend, on or around Sunday, July 19, 2015, JANE DOE again reported to WVDC. In fear of DEPUTY ESPINOZA, JANE DOE hid in a broom closet and tried to avoid him. Upon leaving, DEPUTY ESPINOZA stopped her and asked her why she did not come to the Guard Shack. JANE DOE made up an excuse and drove away never to come back.

35.    As set forth above, while under the custody and control of DEPUTY ESPINOZA, and other heretofore unknown Deputies of the San Bernardino County Sheriff's Department and the County, DEPUTY ESPINOZA sexually

assaulted and battered JANE DOE by acts which included, but were not limited to, DEPUTY ESPINOZA using his position of power and authority to engage in numerous lewd and lascivious acts against the person of JANE DOE, without her true consent. These acts included, but were not limited to, DEPUTY ESPINOZA forcing JANE DOE to expose her naked breasts and then fondling them and putting his mouth and tongue on JANE DOE'S breasts; DEPUTY ESPINOZA forcing JANE DOE to touch his naked penis and orally copulate him; and other forms of sexual battery, all of which were directly and proximately caused by the acts of DEPUTY ESPINOZA and other heretofore unknown Deputies of the San Bernardino County Sheriff's Department and the County.

36.     As a direct and proximate result of all of DEPUTY ESPINOZA'S actions, JANE DOE was wrongfully and severely sexually assaulted and harassed and sustained serious and permanent injuries which were exclusively caused by the above-described actions and omissions of the individual Defendants, and other agents and employees of the San Bernardino County Sheriff's Department and the County.

### FOR THE FIRST CAUSE OF ACTION
**(By PLAINTIFF Against Defendant DEPUTY ESPINOZA for Violations of Civil Rights [42 U.S.C. § 1983])**

37.     Plaintiff JANE DOE hereby restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point and

each and every part thereof with the same force and effect as though set out at length herein.

38.    This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to JANE DOE by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

39.    At all times mentioned herein, Defendant DEPUTY ESPINOZA was employed by the County.  The County provided DEPUTY ESPINOZA with an official badge and identification cards which designated and described DEPUTY ESPINOZA as an agent and employee of the County.

40.    During all times mentioned herein, DEPUTY ESPINOZA acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the COUNTY, and in so doing, deprived JANE DOE of the rights, privileges, and immunities secured to her by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

41.    During all times mentioned herein, DEPUTY ESPINOZA was acting in the course and scope of his employment with the County.

42.    During all times mentioned herein, DEPUTY ESPINOZA's conduct toward JANE DOE was cruel, unusual, malicious, sadistic, offensive to human

dignity, sexually abusive, sexually harassing, without penological justification and for his own gratification, thereby depriving JANE DOE of the rights, privileges, and immunities secured to her by the Eighth Amendment to the United States Constitution and the laws of the United States.

43.     JANE DOE is informed and believes, and thereon alleges that, as set forth in the foregoing paragraphs of this Complaint, at various intervals during the time period of approximately June 6, 2015 through July 19, 2015, DEPUTY ESPINOZA, sexually assaulted, battered, harassed, and injured JANE DOE, as previously described, all of which constituted unjustifiable, unreasonable, and unlawful acts of sexual misconduct in violation of and with deliberate indifference to JANE DOE'S constitutional right to be free from cruel and unusual punishment.

44.     The above acts and omissions of the Defendants, and each of them, was undertaken while under color of state law and resulted in the violation of JANE DOE'S constitutional rights, as stated herein.

45.     JANE DOE had a liberty interest to life and the right not to be deprived of liberty or property without due process of law.  JANE DOE had the right to be free from unlawful cruel and unusual punishment, unlawful use of force and unlawful sexual abuse and/or harassment.  All of these rights and privileges are secured to JANE DOE by the provisions of the Eighth Amendment

1    and the Due Process clause of the Fifth and Fourteenth Amendments to the

2    United States Constitution, and by 42 U.S.C. § 1983.  All of these interests were

3    implicated by the wrongful conduct of the Defendants which proximately caused

4    severe injuries to JANE DOE, as described herein.

5

6    46.    The individual defendants named herein, separately and in concert,

7    acted willfully, knowingly, with reckless disregard and deliberate indifference to

8    the known consequences of their acts and omissions, and purposefully with the

9    intent to deprive JANE DOE of her federally protected rights and privileges, and

10   did in fact violate those rights and privileges, entitling JANE DOE to punitive and

11   exemplary damages in an amount to be proven at the trial of this matter.

12

13   47.    As a direct and proximate result of the aforementioned constitutional

14   violations, JANE DOE was repeatedly sexually assaulted and battered, has

15   suffered great mental and physical pain, suffering, anguish, fright, nervousness,

16   anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension,

17   all to her damage in a sum to be determined at trial.  Additionally, JANE DOE

18   has been forced to incur substantial amounts for attorneys' fees, investigation

19   expenses, and other expenses in the prosecution of the above articulated

20   constitutional violations.

21

22   48.    As a further result of these acts, JANE DOE has lost past and future

23   earnings and wages in an amount to be determined according to proof at trial.

24

25

49.     JANE DOE is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By PLAINTIFF Against Defendant COUNTY OF SAN BERNARDINO, And DOES 5-10,  for Violations of Civil Rights [42 U.S.C. § 1983]) (Based on Unconstitutional Policy, Practice or Custom)**

50.     Plaintiff JANE DOE hereby restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

51.     Plaintiff JANE DOE is informed and believes that at all times relevant herein, Defendant DEPUTY SHERIFF ARMANDO ESPINOZA ("DEPUTY ESPINOZA") was, and now is, employed by the COUNTY OF SAN BERNARDINO in the position of Deputy Sheriff at the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and stationed at the West Valley Detention Center ("WVDC"). During all times mentioned herein, DEPUTY ESPINOZA was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and was acting

within the course and scope of his employment with the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT.

52.    During all times mentioned herein, DEPUTY ESPINOZA acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the COUNTY, and in so doing, deprived JANE DOE of the rights, privileges, and immunities secured to her by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

53.    In willfully committing the acts of sexual misconduct as described in the foregoing paragraphs of this Complaint, DEPUTY ESPINOZA, deprived JANE DOE of the rights, privileges, and immunities secured to her by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

54.    Plaintiff is informed and believes, and thereupon alleges, that prior to the time in which he was hired by the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, adequate scrutiny of DEPUTY ESPINOZA'S background and psychological profile would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire and retain DEPUTY ESPINOZA would be the deprivation of the Eighth Amendment rights

of female prisoners subject to his authority and control as a prison guard.  Facts
demonstrating this include, but are not limited to, the following:

     a.    Due to the abundance of sexually explicit photographic and video images of women in DEPUTY ESPINOZA'S possession which were shown to JANE DOE while she was a prisoner at the West Valley Detention Center, and the abundance of sexually explicit photographic and video images of DEPUTY ESPINOZA engaging in sexually explicit behavior which were shown to JANE DOE, while she was a prisoner at the West Valley Detention Center, plaintiffs are informed and believe that DEPUTY ESPINOZA exhibited the behavior of a sexual predator and/or the behavior of a person obsessed with sexual images and depictions of sexual activity, and that DEPUTY ESPINOZA demonstrated a propensity to engage in unlawful sexual misconduct with prisoners under color of law while employed by the COUNTY.

     b.    Due to the fact that DEPUTY ESPINOZA deliberately engaged in repeated acts of unlawful sexual activity with JANE DOE while she was a prisoner at the West Valley Detention Center in deliberate violation of Cal. Penal Code Section 289.6, plaintiffs are informed and believe that DEPUTY ESPINOZA exhibited the propensity to

engage in unlawful behavior while acting under color of law, and the behavior of a sexual predator and/or the behavior of a person obsessed with sexual activity, and that DEPUTY ESPINOZA demonstrated a propensity to engage in unlawful sexual misconduct with prisoners under color of law while employed by the COUNTY.

55. Plaintiff is informed and believes, and thereupon alleges, that after the time in which DEPUTY ESPINOZA was hired by the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and while DEPUTY ESPINOZA was employed by the COUNTY, adequate control, investigation, and supervision of DEPUTY ESPINOZA would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to continue to retain and employ DEPUTY ESPINOZA would be the deprivation of the Eighth Amendment rights of female prisoners subject to his authority and control as a prison guard. Facts demonstrating this include, but are not limited to, the following:

a. Due to the abundance of sexually explicit photographic and video images of women in DEPUTY ESPINOZA'S possession which were shown to JANE DOE while she was a prisoner at the West Valley Detention Center, and the abundance of sexually explicit photographic and video images of DEPUTY ESPINOZA engaging in sexually explicit behavior which were shown to JANE DOE,

while she was a prisoner at the West Valley Detention Center,
plaintiffs are informed and believe that DEPUTY ESPINOZA
exhibited the behavior of a sexual predator and/or the behavior of a
person obsessed with sexual images and depictions of sexual
activity, and that DEPUTY ESPINOZA demonstrated a propensity
to engage in unlawful sexual misconduct with prisoners under color
of law while employed by the COUNTY.

b.   Due to the fact that DEPUTY ESPINOZA deliberately engaged in
repeated acts of unlawful sexual activity with JANE DOE while she
was a prisoner at the West Valley Detention Center in deliberate
violation of Cal. Penal Code Section 289.6, plaintiffs are informed
and believe that DEPUTY ESPINOZA exhibited the propensity to
engage in unlawful behavior while acting under color of law, and the
behavior of a sexual predator and/or the behavior of a person
obsessed with sexual activity, and that DEPUTY ESPINOZA
demonstrated a propensity to engage in unlawful sexual misconduct
with prisoners under color of law while employed by the COUNTY.

56.   Plaintiff is informed and believes, that based on the foregoing
paragraphs of this Complaint, the SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT'S decision to hire, supervise, retain, control, and otherwise

employ DEPUTY ESPINOZA demonstrated deliberate disregard for the known and obvious consequences of the COUNTY'S actions, which included, but were not limited to, the deprivation of the Eighth Amendment rights of female prisoners subject to DEPUTY ESPINOZA'S authority and control as a prison guard.

57.   As a direct and proximate result of the aforementioned constitutional violations, JANE DOE was repeatedly sexually assaulted and battered, has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to her damage in a sum to be determined at trial.  Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations.

58.   As a further result of these acts, JANE DOE has lost past and future earnings and wages in an amount to be determined according to proof at trial.

59.   JANE DOE is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

# JURY DEMAND

60.     PLAINTIFF hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, PLAINTIFF JANE DOE prays for judgment against Defendants as follows:

1.     For general damages in an amount to be determined according to proof at trial;

3.     For medical and related expenses according to proof at trial;

4.     For costs of suit incurred herein;

5.     For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

6.     For attorneys' fees and expert witness fees incurred herein;

7.     For statutory damages as permitted by law; and

8.     For such other and further relief as the Court deems just and proper.

DATED: September 23, 2015     Respectfully submitted,

THE COCHRAN FIRM – CALIFORNIA

By: _____
JENNIFER A. BANDLOW, Esq.
Attorneys for PLAINTIFF